UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LINDA CHASE,

    Plaintiff,

v.                                                              Case No. 5:22cv106-MW-HTC

RON DESANTIS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff, Linda Chase, a prolific filer in this District,[1] proceeding *pro se*, initiated this action by filing a complaint against the following Defendants: 1) Florida Governor Ron DeSantis, in his official capacity; 2) United States Attorney General Merrick Garland, in his official capacity; 3) United States Attorney for the Northern District of Florida Jason R. Coody, in his official capacity; 4) Cheyanne

---

[1] In the last five months alone, Plaintiff has filed no less than twelve different cases here—notwithstanding the present one—some of which were filed on the same day and against the same parties. *See Chase v. Dejoy, et al.*, 5:22-cv-00102-TKW-MAF (N.D. Fla. May 31, 2022); *Chase v. Walsh, et al.*, 5:22-cv-00105-AW-HTC (N.D. Fla. June 2, 2022); *Chase v. Thames, et al.*, 5:22-cv-00145-RH-MAF (N.D. Fla. July 18, 2022); *Chase v. Fisher*, 5:22-cv-00179-AW-ZCB (N.D. Fla. Sep. 2, 2022); *Chase v. Muniz, et al.*, 5:22-cv-00193-RH-MAF (N.D. Fla. Sep. 12, 2022); *Chase v. Kijakazi, et al.*, 5:22-cv-00194-AW-ZCB (N.D. Fla. Sep. 12, 2022); *Chase v. Muniz, et al.*, 5:22-cv-00195-TKW-HTC (N.D. Fla. Sep. 12, 2022); *Chase v. Pelosi, et al.*, 5:22-cv-00196-AW-MAF (N.D. Fla. Sep. 12, 2022); *Chase v. Burrows, et al.*, 5:22-cv-00197-MW-MAF (N.D. Fla. Sep. 12, 2022); *Chase v. Shepard, et al.*, 5:22-cv-00198-TKW-ZCB (N.D. Fla. Sep. 12, 2022); *Chase v. Ahuja, et al.*, 5:22-cv-00225-RH-HTC; (N.D. Fla. Sep. 23, 2022); *Chase v. Whitcomb, et al.*, 5:22-cv-00226-AW-MAF (N.D. Fla. Sep. 23, 2022).

Costilla, Executive Director at the Florida Commission on Human Relations ("FCHR"), in her official capacity; 5) Regina Owens, FCHR Manager, in her individual and official capacity; 6) J. Luis Mendoza, FCHR Investigator, in his individual and official capacity; 7) Maritza Donate, FCHR Operation and Management Consultant 1, in her individual and official capacity; 8) Karla Lemery, FCHR Regulatory Specialist 1, in her individual and official capacity; and 9) Alisha Merritt, FCHR Clerk, in her individual and official capacity.

Although Plaintiff's initial complaint, ECF Doc. 2, and her first amended complaint, ECF Doc. 23, were stricken on procedural, "shotgun-pleading" grounds, the Court gave Plaintiff two opportunities to clarify her allegations, ECF Docs. 5, 26. On September 23, 2022, Plaintiff filed her second amended complaint, ECF Doc. 32. The matter was referred to the undersigned Magistrate Judge[2] for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Upon consideration, and for the reasons discussed below, the undersigned respectfully recommends this action be DISMISSED *sua sponte* and without leave to amend for lack of jurisdiction.

---

[2] The case was initially referred to Magistrate Judge Michael Frank; however, he recused himself, ECF Doc. 31, after Plaintiff filed a lawsuit against him and several other judges from this District and the Supreme Court of Florida, *see Chase v. Muniz, et al.*, 5:22-cv-00193-RH-MAF (N.D. Fla. Sep. 12, 2022).

## I. PLAINTIFF'S SECOND AMENDED COMPLAINT

Excluding Plaintiff's legal conclusions couched as facts, the following allegations comprise the entire factual basis for Plaintiff's purported claims:

> Around 8/14/2021, Florida Commission on Human Relations (FCHR) [sic] my fair housing complaint. My complaint was that I was discriminated against of the ground of the Americans with Disabilities Act [and] was not reasonably accommodated. Fair housing complaints must be investigated [and] resolved within 100 days. Around 11/17/2021, (over 90 days since my Initial Complaint was received by FCHR), I was contacted by Karla Lemery. She said my spouse needed to be added to the complaint and she would add him, email mail [sic] me a copy, don't change anything because the assigned Investigator would make changes when he contacts me, and for my husband and me to sign [and] date the complaint [and] it must be receive [sic] by 11/23/2021. Ms. Lemery stated to email the signed complaint to her as well as her supervisor, Maritza Donate. Around 12/18/2021, we received a time-sensitive Certified Letter dated 11/30/2021 with Regina Owens name (no signature) informing us that the fair housing complaint would be closed if we didn't provide information within 10 days of receipt. Over 100 days from my initial complaint, around 12/25/2021, I learned J. Luis Mendoza was the Assigned Investigator. . . . Fair housing complaints must be resolved within 100 days. . . . FHCR [sic] took well over 100 days to investigate my initial Title VIII fair housing complaint. J. Luis Mendoza, Karla Lemery, Regina Owens [and] Maritza Donate failed to reasonably accommodate my disability when my initial complaint was acted upon until close to 90 days. Again, the entire process must be completed within or by the 100th day. This disn't happen. . . . My appeal to FHCR's [sic] decision was received 4/11/2022, within 30 days. Alicia Merritt, clerk, emailed me around 04/15/2022, informing me that my appeal was untimely [and] my case was closed . . . My appeal was received on time . . . . Around March/April 2022, I requested a copy of my case file from Mr. Mendoza. I have not received my case file as requested.

ECF Doc. 32 at 10–12.

Based on these allegations, Plaintiff asserts claims under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"); Rule 60Y-8.001 of the Florida Administrative Code ("FAC"); and the Freedom of Information Act ("FOIA"). ECF Doc. 32 at 13. She is seeking various injunctive and monetary remedies, including that the Court: 1) provide "a copy of [her] entire [FCHR] case file"; 2) order her "petition for relief to be deemed timely"; 3) order her "[fair housing] complaint to be fully investigated"; and 4) award "compensation for all expenses associated with this court filling [sic] [and] initial fair housing complaint, [] exemplary, compensatory [and] punitive damages as well as damages for mental [and] emotional stress in the amount of $1,000,000 to include loss of standard of living damages." *Id.*

## II.   LEGAL STANDARD

District courts have "unquestionable authority to control their own dockets," which includes a "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Under this inherent authority, a district court may dismiss a case *sua sponte*, so long as it follows a "fair procedure," such as by giving plaintiff a notice of its intent to dismiss or an opportunity to respond. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). The court's obligation will generally be satisfied if plaintiff has been given "at least one opportunity to amend" the complaint before dismissal. *Corsello*

*v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (affirming dismissal after two amendments).

However, where there has been a "repeated failure to cure deficiencies by amendments previously allowed" or "where [an] amendment would be futile," a court may dismiss a complaint *sua sponte* without allowing additional opportunities to amend. *Gen. Star Indem. Co. v. Triumph Hous. Mgmt.*, LLC, 855 F. App'x 599, 608 (11th Cir. 2021) (quoting *Corsello*, 428 F.3d 1008, 1014); *see, e.g.*, *Lampkin-Asam v. Volusia City. Sch. Bd.*, 261 F. App'x. 274, 276 (11th Cir. 2008) (affirming the district court's *sua sponte* dismissal after plaintiff could not cure the deficiencies in her complaint despite being given two opportunities to replead).

## III. DISCUSSION

As noted above, Plaintiff has already been given two opportunities to more carefully craft her complaint and has failed to do so. Instead, her second amended complaint contains many of the same deficiencies as her prior complaints, namely that it is a shotgun pleading, which fails to meet the basic requirements set forth in Federal Rule of Civil Procedure 8, and names defendants against whom no factual allegations are alleged. More importantly, even under the most liberal reading, Plaintiff's allegations fail to assert facts sufficient to establish this Court's jurisdiction. Thus, the undersigned finds the second amended complaint should be dismissed without further leave to amend, as any such amendment would be futile.

### A. Lack of Subject Matter Jurisdiction

Rule 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This is because federal courts are courts of limited subject matter jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkoken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Absent a grant of such jurisdiction, a federal court is "powerless" to consider the merits of a case. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Am. Tobacco*, 168 F.3d at 410. If at any time the court determines it lacks subject matter jurisdiction, the court *must* dismiss the action without prejudice. *See* Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) (a jurisdictional defect may be raised *sua sponte* at any time).

A plaintiff seeking to invoke this Court's jurisdiction must set forth the basis of the Court's subject matter jurisdiction. "[F]or a federal district court to have jurisdiction over a claim, a plaintiff must show, on the face of the complaint, either complete diversity of citizenship or that a 'substantial' issue of federal law is raised

by the claim." *See Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th Cir. 2007) (citing *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)).

1. Federal Question Jurisdiction

A "federal question" case arises under the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 1331. Pursuant to the "well-pleaded-complaint" rule, "[a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, for federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946).

However, simply referring to a constitutional amendment or federal law does not create subject matter jurisdiction. *See Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) ("a mere allegation . . . that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle"). Thus, a court may dismiss a federal question claim if: "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield*

*of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (citation, quotations, and alterations omitted). Further, it is to be presumed that a cause lies outside the federal court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkoken*, 511 U.S. at 377.

Although Plaintiff identifies three separate federal statutes in the second amended complaint, none of the factual allegations support a claim under any of those statutes.[3] Plaintiff's chief—if not only—grievance giving rise to the present action centers around the fact that FCHR personnel purportedly took longer than 100 days to investigate her administrative case. *See* ECF Doc. 32 at 10–12. This grievance does not give rise to any viable federal question claim, much less support a claim under the FHA, ADA, or FOIA. For example, all Plaintiff alleges with regard to the FHA is that she filed a "fair housing complaint" with the FCHR; she alleges no facts involving any housing discrimination by any of the named Defendants.[4] *See* ECF Doc. 32 at 10–12.

Likewise, Plaintiff does not allege any facts to support a claim under the

---

[3] Plaintiff also attempts to assert both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 399 (1971) as bases for the Court's jurisdiction; however, she has not alleged any constitutional violations and, as set forth herein, her allegations of federal law violations are baseless.
[4] The FHA, 42 U.S.C. § 3601 *et seq.*, broadly protects against various forms of discrimination when buying or renting a home, obtaining a mortgage, seeking housing assistance, or other related activities.

Case No. 5:22cv106-MW-HTC

ADA.[5]  Instead, Plaintiff merely asserts that "J. Luis Mendoza, Karla Lemery, Regina Owens [and] Maritza Donate failed to reasonably accommodate [her] disability when [her] initial complaint was acted upon until close to 90 days."  ECF Doc. 32 at 12.  She fails to state any facts showing: (1) she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of FCHR's services, programs, or activities, or was otherwise discriminated against by FCHR; and (3) the exclusion, denial of benefit, or discrimination was by reason of her disability.  *See Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007) (stating the requirements for a prima facie claim under Title II of the ADA).  The fact that the FCHR may have taken longer than 100 days to address her complaint simply does not continue a claim of discrimination under either the ADA or FHA.

Finally, Plaintiff cannot seek to obtain a copy of her FCHR file under FOIA, because FOIA applies only to federal agencies.  *See* 5 U.S.C. § 552(a); *see also Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) (finding "it is beyond question" that FOIA does not apply to state agencies); *Del Rio v. Fed. Bureau of Investigation*, 2008 WL 11331745, at *1 (S.D. Fla. Oct. 21, 2008) ("[t]he only proper party defendant in a FOIA action is a federal agency").

---

[5] Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, prohibits public entities from denying access to their services to certain "qualified" individuals on the basis of disability.

As discussed above, "[t]he general rule governing pleading [f]ederal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a [f]ederal statute. Rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is [f]ederal jurisdiction." *Pearson v. U.S. Postal Serv.*, No. 3:06CV190MCR/EMT, 2007 WL 624536, at *2 (N.D. Fla. Feb. 22, 2007) (quoting *Fountain v. New Orleans Public Service, Inc.*, 265 F. Supp. 630, 632 (E.D. La. 1967)). Here, Plaintiff's reference to three federal statutes in her complaint without any supporting facts, not only fails to state a claim, but is insufficient to confer subject matter jurisdiction on this Court. *See Blue Cross*, 138 F.3d at 1352.

    2.    <u>Diversity Jurisdiction</u>

Federal courts also have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Although it does not appear Plaintiff is invoking this Court's diversity jurisdiction, given Plaintiff's *pro se* status, the Court has nonetheless considered whether such jurisdiction exists and determined it does not.

Case No. 5:22cv106-MW-HTC

Except for United States Attorney General, Merrick Garland, and United States Attorney Jason Coody, all the Defendants named by Plaintiff are Florida state officials or Florida state agency employees *and* all are being sued by Plaintiff in their "official capacities." A suit against a state actor in his official capacity is the equivalent of a suit against the state agency for which he works. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, there can be no diversity of jurisdiction since the FCHR and Governor are citizens of Florida for diversity purposes. *See Woodroffe v. Coffin*, 2019 WL 4718965, at *4 (M.D. Fla. June 27, 2019) (the FDOR is a citizen of Florida).

Regardless, a claim against a state agency is a claim against the state, which is barred by the Eleventh Amendment. *See Hayes v. Sec'y, Fla. Dep't of Child. & Fams.*, No. 4:10CV541-MP/CAS, 2012 WL 2848999, at *3 (N.D. Fla. May 11, 2012), *report and recommendation adopted*, No. 4:10CV541-MP-CAS, 2012 WL 2849224 (N.D. Fla. July 11, 2012) (noting that Plaintiff could not name the Florida "Department [of Children and Families] itself because as a state agency, it would be immune from suit under the Eleventh Amendment"); *Sigler v. Bradshaw*, No. 13-80783-CIV, 2015 WL 1044175, at *2 (S.D. Fla. Mar. 10, 2015) ("As a state agency, [the Florida] DCF receives the same Eleventh Amendment protection from suit in federal court as the state itself.").

Given this Court's lack of both federal question and diversity jurisdiction, the undersigned recommends this action be DISMISSED without prejudice.[6]

Accordingly, it is respectfully RECOMMENDED:

1. Plaintiff's second amended complaint, ECF Doc. 32, be DISMISSED *sua sponte* for lack of subject matter jurisdiction.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of October, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

---

[6] Should there be any doubt whether a *sua sponte* dismissal is appropriate, the undersigned notes that this Report and Recommendation serves as fair notice to Plaintiff. *See, e.g.*, *Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (a magistrate judge's report and recommendation may serve as notice of the Court's intent to dispose of a case).

Case No. 5:22cv106-MW-HTC